KARR *et al.*, Respondent, v. JACKSON, Appellant.

1. The mode of authenticating the laws and records of the different states prescribed by the laws of the United States, is not exclusive of the common law modes of proving the same, thus, where the general banking law of a sister state requires articles of association entered into in pursuance thereof to be recorded and makes a duly certified copy of the record evidence, a sworn copy of such record is admissible in the courts of this state.

*Appeal from St. Louis Court of Common Pleas.*

This was an action on a promissory note executed by defendant in favor of the Bank of Belleville. The note was assigned to the plaintiffs. The answer put in issue the establishment of the Bank of Belleville under the laws of Illinois, and further set up that the note was without consideration and was procured by fraudulent representations. The plaintiffs gave in evidence the general banking law of Illinois approved February, 15, 1851. (See Sess. Acts, Ill., 1851, p. 163; Statutes of Ill. 1858, p. 111.) Plaintiffs also offered in evidence the deposition of F. Karsch, who testified that he was deputy recorder in St. Clair county, Illinois; that the copy of the articles of association of the Bank of Belleville, which was annexed to his deposition as an exhibit, was a correct copy of the record in the recorder's office of the said articles; that the original articles had been taken away from the recorder's office after being recorded. This exhibit purported to be the certificate or articles of association establishing the Bank of Belleville under the law of Illinois above referred to, and to have been acknowledged, &c. To this exhibit there were two certificates annexed. William S. Thomas, clerk of the circuit court of St. Clair county, Illinois, and *ex officio* recorder of deeds for said county, certified, under the seal of said court, that said exhibit was a true and correct copy of the original on record in his office, in book No. 3, page 422. The presiding judge of the St. Clair circuit court certified as follows: " That the foregoing attestation of Wm. L. Thomas, clerk, by Ferd. Karsch, de-

puty, is in due form of law." The defendant objected to the reading of said certificate or articles of association annexed to the deposition of Karsch on the following grounds: first, because the certificate of the judge thereto appended did not state that the attestation of the clerk and *ex officio* recorder was by the proper officer, and because no certificate was appended that the said judge was duly commissioned and qualified; secondly, that it was not admissible as an examined or sworn copy; that it did not purport to be a copy of the original; nor did it appear that the witness had compared with it the original, or in whose custody the book or record was from which said exhibit was made. The court admitted said articles of association in evidence.

*Krum & Harding*, for appellant.

I. The court erred in admitting the copy of the articles of association establishing the Bank of Belleville. The writing was not certified in conformity with the act of Congress concerning the authentication of records. (4 Mo. 371.) It was not admissible as a sworn copy. It was a copy of a copy. The witness did not and could not state that it was a copy of the original.

II. There was no consideration for the note. The subscription of the defendant amounted to nothing, for all the stock had been already taken by Bogy, Miltenberger & Poulterer.

*Gantt*, for respondent.

I. The incorporation of the Bank of Belleville was duly proven.

II. There was a sufficient consideration for the note.

SCOTT, Judge, delivered the opinion of the court.

The principal question in this case is whether the certified copy of the record of the association of persons, for the purpose of establishing the Bank of Belleville in the state of Illinois, under the general banking law of that state passed on

21—VOL. XXVIII.

the 15th February, 1851, was properly admitted in evidence. The copy, besides an authentication under the laws of the United States, was sworn to be a true one taken from the record in Illinois. The law required the certificate of association to be recorded in the office of the recorder of the county where any office of such association should be established, and a copy of such certificate was made evidence for or against whom any such evidence may be necessary.

Admitting that the certificate was not so authenticated under the laws of the United States as to be read in evidence, yet it is well settled that the mode of authenticating the laws and records of the different states prescribed by the laws of the United States in pursuance to the federal constitution, so as to make them evidence in the courts of the different states, is not exclusive ; that is, the laws of Congress did not intend to exclude the common law methods of proving such documents. (Kean v. Rice, 12 Serg. & Raw. 203 ; Cowen & Hill's notes, 1125.) A foreign judgment may be proved by a sworn copy. (Church v. Hubbart, 2 Cranch, 187 ; 6 Wend. 475.) If a foreign judgment may be proved by a sworn copy, no reason is seen why any other foreign records may not be proved in the same manner. The law of Illinois required the certificate of association to be recorded ; in fact made it a record and a copy of that record evidence. There is nothing in our laws which opposes the introduction of such evidence. If the record had been authenticated in pursuance to the laws of the United States, it is not denied but that it might have been read ; it being then a record which might have been so authenticated as to be read under the laws of the United States, it was such a record as might have been proved according to the course of the common law, and being so proved it was admissible in evidence. The certificate was proved to be a sworn copy of the record, and the record being in itself full and primary evidence, there is no weight in the objection that the copy used as evidence was not a copy of the original. Indeed it is not seen on what ground the copy would have been primary evidence, had it

been proved to have been a copy merely of the original, the original being a private instrument.

The evidence in the case clearly establishes the consideration of the note sued on. The defendant might at any time have had a certificate of the stock subscribed for, had he applied for it. The note was given in payment of a subscription for stock.

Judgment affirmed; the other judges concur.