# THE SUPREME COURT

OF THE

## STATE OF ILLINOIS,

OF CASES ARGUED AT

## NOVEMBER TERM, 1860, AT MOUNT VERNON.

JAMES M. WARREN, Plaintiff in Error, *v.* JOHN MCCARTHY *et al.*, Administrators of Payton White, deceased, Defendants in Error.

ERROR TO WILLIAMSON.

An action of debt may be maintained upon a decree of a foreign court, which finds a sum of money to be due, and directs its payment; but not if the decree directs the performance of acts other than the payment of money.

A plea to an action of debt, brought on a foreign decree, which avers that defendant lives out of and had not been within the State in which the decree was pronounced, had not been served with process or notice of any kind, nor entered any appearance to the proceeding, is good.

Where a decree of a foreign court, was properly pronounced in A. D. 1846, but the cause was continued till the next term, for the master's report, which was then approved—the cause not again appearing on the docket until October, A. D. 1853, when another decree was entered; Held, that the first decree was final and effective, and apparently in force; and that the court could not, after such a lapse, re-docket the cause, and render a second decree, unless new jurisdiction had been obtained of the person.

In an action on a decree of another State, judgment may be rendered for interest upon the sum decreed, without an averment that interest would be allowed on the decree in the State where it was pronounced.

THIS was an action of debt on a decree of the Circuit Court of Mason county, in the State of Kentucky, in favor of Payton White, for $1,503.96, against the plaintiff in error, rendered on the 26th day of October, 1853. The declaration contains but one count. The defendant pleaded seven pleas.

1st. Nul tiel record.

2nd.   That the defendant says he does not owe the said sum of money, and avers that the Circuit Court of Mason county, Kentucky, at the October term, 1853, had no jurisdiction of .the defendant, nor of the said supposed cause of action.   Nor had said court any right, power, authority, and jurisdiction to render said decree, because, theretofore, to wit, at the November term, 1846, of said Mason Circuit Court, a final decree was entered upon the same identical cause of action upon due service of notice, issues and proofs ; that, after the rendition of said final decree, in November, 1846, defendant had been, and still is, a resident of the State of Illinois, and had never since been in the State of Kentucky.   No notice, actual or constructive, has ever since been given to, nor service of process had upon defendant in said cause.   Nor has the defendant ever entered his appearance in said cause, nor authorized any attorney or other person to enter his appearance therein, or plead, answer or demur, nor to take any steps, action or proceeding therein, nor had he ever consented thereto in any manner whatever ; which plea was demurred to by the plaintiffs and sustained by the court.

3rd.   Says that the said White, in his lifetime, by his bill in chancery against defendant, in said Mason Circuit Court, Kentucky, for the same identical cause of action on which said supposed decree was rendered, had caused defendant to be duly served with process therein, to which said bill defendant appeared and put in an answer, and the said White put in his replication thereto, and issue was made, and the parties proceeded to take proofs, and a master in chancery in said court made his report, upon reference being made to him, and such proceedings were had, that afterwards, at the November term of said court, 1846, by the consideration of said court, the said White recovered of the defendant the sum of $1,182.96, and execution was awarded thereon ; and avers that said decree was final and conclusive between the parties, and remains in full force and in nowise annulled, reversed or set aside.   That defendant has, ever since the rendition of said decree, been a citizen and resident of the State of Illinois, and has never since been in the State of Kentucky ; that no writ or process whatever, wherein said defendant could have been summoned, either actually or constructively, of any other or further proceedings in said cause, has ever since been issued or served upon defendant, nor has he ever had any such notice, actual or constructive, of such intended proceedings ; that he has never entered his appearance, nor consented, either in person or by attorney, nor has he authorized any attorney or other person to enter his appearance or consent, by plea, demurrer, answer or otherwise, to any other or further or subsequent proceedings or further decree

in said cause, at said October term of said court, 1853, or other term whatever.    That said decree for $1,503.96, supposed to be rendered at the October term of said court, 1853, was not rendered by said court by virtue of any statutory law of the State of Kentucky, or by virtue of any practice and proceedings of courts of chancery adopted in Kentucky, or by virtue of any other law or practice adopted in said State—to which plea the plaintiff demurred, and the court sustained the demurrer.

4th.    Avers that White, in his lifetime, by his bill in chancery against the defendant, in the Circuit Court of Mason county, Kentucky, for the same identical cause of action, on which said supposed decree was rendered, had caused defendant to be served with process therein, to which bill defendant appeared, put in answer, and the said White filed his replication thereto, and issue was joined, and the proof taken, and the master in chancery of said court made his report, upon reference being made to him that such proceedings were had ; that at the November term of said court, 1846, by consideration of said court, said White recovered of the defendant the sum of $1,182.96, and execution was awarded thereon ; that said decree, according to the laws of the State of Kentucky, was final and conclusive between the parties, and the same still remains in full force, in nowise amended, reversed or set aside ; that defendant has, ever since the rendition of said decree, been a citizen of the State of Illinois, and has never since been in the State of Kentucky ; that no writ or process whatever, wherein defendant could have been summoned or notified, either actually or constructively, of any other or further proceedings in said cause, has ever since been issued or served on defendant, nor had he any such notice, actual or constructive, of such intended proceedings ; that he never entered his appearance, nor consented, either in person or by attorney, nor authorized any attorney or other person to enter his appearance or consent, by plea, demurrer, answer, or authorized any other or further or subsequent proceedings or further decree, at the October term of said court, 1853, or other term whatever.    That said supposed decree of the Mason Circuit Court, 1853, was rendered in the same identical cause of action as that rendered by said court, at the November term, 1846, for $1,182.96.    That, according to the laws of the State of Kentucky, a decree which is final at one term of the court, and a subsequent decree at another term in the same cause is anomalous and void.    The plaintiff demurred and the court overruled the demurrer, and the plaintiff replied and filed a general replication, upon which issue was joined.

5th.    Avers that White, in his lifetime, by his bill in chancery against defendant, in the Circuit Court of Mason county, Ken-

7

tucky, for the same identical cause of action upon which said supposed decree was rendered, had caused said defendant to be served with process therein, to which said bill defendant appeared and answered, and White put in his replication thereto.   Issue being joined therein, the parties proceeded to take proofs, and the master in chancery made his report upon reference being made to him, and such proceedings were had that afterwards, at the November term of said court, 1846, by consideration of said court, the said White recovered of the defendant the sum of $1,182.96, and execution awarded thereon ; that said decree was final and conclusive between the parties, and the same remains in full force and in nowise annulled, reversed or set aside ; that upon the rendition of said decree, the powers and jurisdiction of said court became and were "*functus officio*" in, by and under the laws of the State of Kentucky, as to the said cause of action and the said parties in that behalf ; that he has, ever since the rendition of said decree, been a citizen and resident of the State of Illinois, and has never since been in the State of Kentucky.   That no writ or process whatever, whereon said defendant could have been summoned or notified, either actually or constructively, of any other or further proceedings in said cause, has ever since been issued or served upon defendant, nor has he ever had any such notice, actual or constructive, of such intended proceedings ; that he never entered his appearance, nor consented, either in person or by attorney, nor authorized any attorney or other person to enter his appearance or consent, by plea, demurrer, answer or otherwise, to any other, further or subsequent proceedings or further decree in said cause, at the *October* term of said *court, 1853,* or other term whatever—to which plea the plaintiffs demurred, and the court sustained the demurrer.

6th.   Avers that the plaintiffs were not, at the time of the commencement of this suit, administrators of the estate of White, deceased—and the plaintiffs took issue on the plea.

7th.   Avers that White, in his lifetime, filed his bill in chancery, in said Mason Circuit Court, Kentucky, against said defendant, and caused the defendant to be served with process therein, to which said bill the defendant appeared and put in an answer, and the said White filed his replication thereto ; that an issue was joined in said cause ; that the parties took and filed their proofs in the cause ; that said cause was referred to a commissioner, who made his report in the cause to the court ; that said cause came on to be tried upon all the proceedings had therein, at the November term, 1846, of said court, said cause having been submitted to the court at the previous term thereof. That upon the hearing of said cause, by the consideration of

the court, said White recovered of the said defendant the sum of $1,182.96, and execution was awarded thereon, and a commissioner appointed to execute said decree. That at the time of the rendition of said decree, at the November term, 1846, of said court, it was, and ever since that time has been, the law of Kentucky, that a decree of a court of chancery, which ascertains the complainant's demand, and which renders a judgment therefor, and awards an execution thereon, is a final decree and directory only as to the execution of the decree, that said final decree cannot be opened, altered or revised after the expiration of the term at which it was rendered, unless upon a bill of review, or a bill or petition impeaching the decree for fraud, and that where, at one term of the court a final decree is entered, and that term of the court expires without further order, opening, altering or reviewing such decree, and at a subsequent term of the court, without any appearance of the parties, another decree is entered in the same cause, it is irregular and void; that said decree, rendered at the November term, 1846, of said Mason Circuit Court of Kentucky, according to the laws thereof, was final and conclusive between the parties. That said November term, of said Mason Circuit Court, expired without any order being entered in said cause by said court, opening, altering or reviewing said decree, and that the same still remains in full force, and that no bill of review, bill or petition, impeaching said decree for fraud or any other cause, has been filed in said court, to open, alter or reverse said decree; that said decree has never been reversed, set aside, or in any wise amended. That at the October term, 1853, of said court, in the same identical cause in which said final decree was entered, at the November term, 1846, of said court, without any appearance of the parties in said cause, said Mason Circuit Court entered up another decree in said cause, which is the said supposed decree in said plaintiffs' declaration mentioned; that no writ or process whatever, whereon the defendant could have been summoned or notified, either actually or constructively, of any other proceedings in said cause, since the rendition of said first decree, at the November term, 1846, of said court, has ever been issued or served upon said defendant; that he did not, by himself, attorney or otherwise, plead, answer or demur, or by any other means, enter his appearance in said Mason Circuit Court, in said last mentioned proceeding by said court, held at said October term, 1853, and that said last mentioned decree was rendered without the knowledge or consent of the defendant. That the decree rendered in 1853, according to the laws of Kentucky, is and was void—to which plea the plaintiffs

demurred, and the court overruled the demurrer, and plaintiffs filed a general replication thereto, upon which issue was joined.

Whereupon a jury was impanneled, who found the issue for the plaintiffs, and fixed the debt at $1,503.96, and assessed the damages at $1,285.77, making $2,789.73 debt and damages. The defendant moved the court for a new trial and in arrest of judgment, which motions were overruled by the court. The court then entered up judgment for $2,789.73, the debt and damages, etc., to which the defendant excepted.

The plaintiffs, for the purpose of proving the issue, offered as evidence, a paper, purporting to be a true transcript from the records of the County Court of Mason county, Kentucky, granting administration of the estate of Payton White, deceased—to the introduction of which the defendant objected. The court overruled the objection, and the defendant excepted.

The plaintiffs then offered as evidence, a paper, purporting to be a record of a cause determined at the October term, 1853, of the Mason Circuit Court, Kentucky, between Payton White, complainant, and James M. Warren and others, defendants—to the introduction of which record the defendant objected, for the following reasons:

1st.  Because there were many interlineations therein unexplained.

2nd.  Because there are many unexplained alterations therein.

3rd.  Because there are unexplained erasures and substitutions therein.

4th.  Because there are two final decrees therein.

Which objections were overruled, and said paper was allowed to be read as evidence to the jury.

The decree is, in substance, as follows:

" At a court held as aforesaid, on the 25th of November, 1846.

" This day this cause coming on upon the bill, the answers, exhibits and the depositions in the cause, and the commissioner having made his report in this cause, the court affirms said report, and now decrees that the said James M. Warren stands indebted to the said Payton White, the sum of eleven hundred and eighty-two dollars and ninety-six cents, which the court now decrees the said Warren to pay to the said Payton White, and the said White shall have execution for the same ; and the court further decrees that the said Payton White has a right to a sale of the attached property to pay the same."

The court further decreed that James Clark be appointed commissioner to sell the attached property, or so much thereof as might be sufficient to pay complainant his debt and cost of this suit, including $15 now allowed commissioner, and that he also audit the debts attached in this cause, and hear testimony

and report the amount that may be now due to Warren by either of his debtors, and report the testimony to the court. And the cause was continued till the next term.

At a court held as aforesaid, on the 2nd day of March, 1847, the commissioner, James Clark, produced his report herein, which, having been examined and approved by the court, is ordered to be recorded as follows, to wit:

The commissioner reports that he sold a house and lot in Jardis for $205, to John McCarthy. That he notified White that he was prepared to audit the debts or claims on others, attached in this cause, and the said White failed to produce any evidence relative to said claims, and has none to return. The court then made the following order:

" Ordered that James Clark retain the sum of fifteen dollars for his services as commissioner herein, out of the sale bond executed to Payton White, by John McCarthy and Edward L. Gault, for the purchase money of the house and lot sold by him as commissioner."

At a court held as aforesaid, on the 26th October, 1853, the following order or decree was entered:

" This day this cause came on for final hearing, and the court, being sufficiently advised, now decrees and orders that the commissioner, Marshall Key, has reported that James M. Warren stands indebted to the said Payton White in the sum of $1,708.96. On the 1st December, 1845, the said James M. Warren is entitled to a credit for the amount of the sale, as reported by James Clark, the commissioner, amounting to $205. The same shall be deducted from the amount found due by the master commissioner, which would leave the sum of $1,503.96 due to the said White, with interest from 1st December, 1845. The court now decrees that the said James M. Warren pay to the said Payton White the sum of $1,503.96, with interest on the same from 1st day of December, 1845, until paid. And that the said Payton White have execution against James M. Warren for the said sum of $1,503.96, with interest on the same from 1st day of December, 1845, until paid. And the parties are hence dismissed without day."

The plaintiffs offered to read in evidence sections No. 1 and 6, of chapter 53, entitled " Interest and Usury," from the revised statutes of Kentucky, which are in the words and figures following:

" 1st. Legal interest shall be at the rate of six dollars upon one hundred dollars for a year, and at the same rate for a greater or less sum, for a longer or shorter time."

" 6th. A judgment, except for malicious prosecution, libel, slander, or injury to the person, and a decree, shall bear legal

interest from its date. A judgment or decree may be for the principal and accrued interest; but if rendered for accruing interest, it shall bear interest according to its terms."

The defendant admitted the authenticity of the book from which the plaintiffs proposed to read, but objected to the evidence, upon the ground that it was not pertinent to the issue, which objection the court overruled, and allowed the same to be read; and the defendant excepted.

W. H. UNDERWOOD, and JAMES M. WARREN, for Plaintiff in Error.

W. H. GREEN, for Defendants in Error.

WALKER, J. The first question presented by this record is, whether an action of debt may be maintained for money found and ordered to be paid by a decree of a court of chancery. It is conceded that such an action cannot be sustained on a decree for the performance of acts other than the payment of money. As a general proposition, it is undeniably true that debt lies for the recovery of any liability, when the sum is certain, or is capable of being readily reduced to a certainty. Then why should the decree of a court of equity, having jurisdiction of the person, and of the subject matter, finding the amount due from one person to another, and ordering its payment, and when thus found conclusive upon the parties to the proceeding, form an exception to the rule? We are unable to perceive any analogy of the law which requires that there should be a distinction which should exclude it from the general rule.

The courts of Great Britain hold that this action cannot be maintained on a decree of the courts of that country, because they have the necessary means of enforcing their orders by appropriate process, but that it is otherwise with a decree of a foreign or colonial court. 1 Chit. Pl. 111; *Hurly* v. *Sopor*, 8 Barn. & Cress. 16. The court in that case assign as a reason for the distinction, that a foreign or colonial court has no power to enforce their decrees beyond the limits of their jurisdiction, and that if an action at law was not given, there must be a failure of justice. The same reason applies with its full force why a recovery should be had on a decree rendered by a court of a sister State. Such a court has no power to enforce its decrees beyond the territorial limits of its jurisdiction. So, for this reason, if for no other, the action must be maintainable. But notwithstanding adjudged cases in this country are in conflict on the question whether an action of debt will lie on a money decree,

we are of the opinion that the action may be maintained, where the decree ascertains the amount, and orders its payment.

The sufficiency of the third and fifth pleas, is established by the cases of *Bimeler* v. *Dawson*, 4 Scam. 541, and *Horton* v. *Crutchfield*, 18 Ill. 135. These pleas aver, that after the rendition of the decree in November, 1846, defendant was not a resident of Kentucky, but was, from that time until the institution of this suit, a resident of Illinois, and had not been in the State of Kentucky; that he had not been served with process, or notice, either actual or constructive, nor had he in person or by attorney ever entered his appearance to the proceeding in which the decree of October, 1853, was rendered by the Mason Circuit Court. In the case of *Bimeler* v. *Dawson*, it was held that, " When the record shows neither service of process, nor notice to the defendant, nor appearance by him, the judgment is a nullity, when attempted to be enforced in another State, the record not affording even a presumption in favor of the jurisdiction. But if the record shows that there was a service of process, a notice to the defendant, or an appearance for him, not amounting in either case to personal notice or appearance, then the presumption from the record is, that the court had jurisdiction, and proceeded in conformity to the laws of the State; and until such presumption is rebutted by the defendant, the judgment is conclusive."

The decree of 1853 fails, by recital or otherwise, to show any service, notice, or appearance of the defendant. And these pleas aver that he was not within the State after 1846, and the total want of service, notice or appearance. But it is urged that the decree of October, 1853, was the final decree in the case, and that the decree of November, 1846, was only interlocutory. The decree of 1846 was on a hearing on the bill, answers, exhibits, depositions, and master's report. It found the sum due from the defendant to the complainant, ordered its payment, awarded execution, and ordered a sale of the attached property. The cause was then continued. This decree contains every requirement to render it final. At the next March term the master's report was filed and approved, and his costs allowed. The record fails to show that the cause was then continued, or even again on the docket, until in October, 1853, when he decree was rendered upon which this suit is instituted. We are clearly of the opinion that the decree of the court in November, 1846, was final and conclusive between the parties, and, so far appears from this transcript, is still in full force; and that after a lapse of six years and a half, the court had no power to redocket the cause, and render any order or decree binding on the defendant, without having acquired jurisdiction of his per-

son in the same manner as if the proceeding had related to a different subject matter. For the want of such jurisdiction, the decree of October, 1853, must be regarded as a nullity, upon which the plaintiff below has no right of recovery.

The remaining question is, whether interest is recoverable on the decree of a court of another State, unless the declaration contains an averment that such a decree bears interest, by the law of the State where it was rendered. Our interest laws do not allow interest in terms upon decrees of our courts as well as on those of foreign jurisdictions, and omit to name foreign judgments. In the case of *Prince* v. *Lamb*, Breese R. 298, it was held that a judgment is a debt, and may be assimilated to a contract to pay a sum of money with interest. And that it may be recovered on a judgment of the court of another State, as damages, without any averment in the declaration, that it is allowed by the statute of the State in which it was recovered. And that it might be recovered as a part of the contract, although the judgment does not award interest. The practice does not require that there should be an averment that the cause of action bears interest, unless it is expressed in the agreement. The law gives it as damages, for the detention of the principal sum.

If a judgment may be assimilated to a contract for the payment of the money recovered, the same is undeniably true of a decree for the payment of money. In either case the court finds the sum due, and it surely must at least have as conclusive an effect as to the amount, as if it had been ascertained and the balance struck by the parties themselves. The practice in this State is believed to be uniform, to allow interest on decrees rendered in this State, and yet they are not named by the statute. And this court has held that decrees rendered in this State are governed by the interest laws, like judgments at law. *Aldrich* v. *Sharp*, 3 Scam. 261. We are therefore of the opinion that to entitle a recovery on a decree of a sister State, an averment in the declaration, that interest is allowed by the laws of the State in which it is rendered, is unnecessary.

The judgment of the court below is reversed, and the cause remanded, with leave to file an additional count, and with leave to plead to it.

*Judgment reversed.*