## BRUCKMAN V. TAUSSIG.

1. In pleading a judgment of a court of general jurisdiction it is unnecessary to aver that the court had jurisdiction, and the presumptions in favor of jurisdiction are the same, whether the judgment relied on is domestic or foreign or one of a court of a sister state. If the court had no jurisdiction, that fact should be raised by defendant's plea.

2. The code (1883, section 387) provides that printed copies in volumes of statutes, or other written law of any other state or territory or foreign government, purporting or proven to have been published by the authority thereof, shall be admitted by courts on all occasions as presumptive evidence of such laws.

3. Interest may be recovered on a judgment of the court of another state without any averment in the complaint that it is allowed by the statute of the state in which it was recovered.

*Appeal from County Court of Lake County.*

THE case is stated in the opinion.

Messrs. GEORGE and PHELPS, for appellant.

Mr. GEORGE H. KOHN, for appellee.

STONE, J.    Action upon a judgment of the circuit court of the eighth judicial circuit of the state of Missouri.

Errors are assigned because the complaint failed to state facts in support of the jurisdiction of the Missouri court, and because such facts were not proved at the trial; because the book purporting to contain the statutes of the state of Missouri was received in evidence without proper authentication, and because interest was allowed on the Missouri judgment.

The complaint alleges that plaintiff, the appellee here, recovered judgment against the defendant in the circuit court, at the city of St. Louis, in the state of Missouri, "a court of general jurisdiction," on the 10th day of May, 1880, for $399.18, and that no part of the same has been paid.

The approved precedents of declarations upon judgments state the date or term of the court at which the judgment was recovered, the court in which, and the place where, it was rendered, and the amount which, by the consideration of the court, the plaintiff has recovered. Freeman on Judgments, sec. 450.

It is an elementary rule that the jurisdiction of courts of general jurisdiction is to be presumed, and it follows that the judgments and decrees of such courts are, in all cases, of at least *prima facie* validity. In asserting such a judgment or decree as a cause of action, or as a ground of defense, the pleader need state no jurisdictional facts. "It was long ago settled that, in pleading a judgment, it is unnecessary to show by averment that the court had jurisdiction." Id. sec. 452. Indeed this doctrine is expressly embodied in our own statute. Civil Code (1883), sec. 69.

And the presumptions in favor of jurisdiction are the same whether the judgment relied on is domestic, foreign, or one of the sister states of this Union. If the court had no jurisdiction, that fact should be raised by defendant's plea. Id. sec. 453.

The transcript of the Missouri judgment received in evidence on the trial was duly authenticated, and proved all the jurisdictional facts necessary to be shown on the part of plaintiff below.

In respect to the volume from which was read in evidence the law establishing the said circuit court of Missouri, and conferring thereon general jurisdiction, the bill of exceptions recites that it was "a book purporting to contain the constitution and statutes of the state of

Missouri;" and in the absence of any other or further de-scription, we must presume it to have been, and that the court below found it to be such a book as comes within the provisions of our own statute, which declares that "Printed copies in volumes of statutes, codes or other written law, of any territory or any other state or foreign government, purporting or proven to have been published by the authority thereof, * * * shall be admitted by courts and officers of this state on all occasions as presumptive evidence of such laws." Civil Code, 1883, sec. 387.

Interest was properly allowed by the court below on the judgment sued upon. The transcript shows that the Missouri court awarded interest at the legal rate on its judgment, and the amount of such judgment and accrued interest at the date of the judgment in the court below was certainly the proper amount due, and the correct measure of the latter judgment. In the case of *Warren v. McCarthy et al.* 25 Ill. 95, it is held, following the authority of *Prince v. Lamb*, Breese, 298, that interest may be recovered on a judgment of the court of another state, without any averment in the declaration that it is allowed by the statute of the state in which it was recovered, and even though the judgment of such other state does not award interest; that the law gives it as damages for the detention of the principal sum.

None of the assignments of error by appellant appear to have any support, and the judgment of the court below will be affirmed.

*Affirmed.*