[Civil No. 2769. Filed March 25, 1929.]

[275 Pac. 925.]

W. H. CLARK, Appellant, v. W. O. WESENDORF, Appellee.

174

See Evidence, 22 **C. J.**, sec. 68, p. 129, n. 87, sec. 1008, p. 848, n. 45, p. 849, n. 50.

Judgments, 34 **C. J.**, sec. 1586, p. 1117, n. 8, sec. 1596, p. 1122, n. 5.

Mr. W. E. Ferguson, for Appellant.

Messrs. Sapp & White, for Appellee.

McALISTER, J.—In November, 1925, W. O. Wesendorf recovered judgment against W. H. Clark in the superior court of Los Angeles county, state of California, and on December 29th, 1927, the judgment being unpaid, he filed suit thereon in the superior court of Navajo county, this state, and served the defendant personally in that county. No appearance having been made by the defendant, his default was entered and judgment rendered against him for the full amount due under the California decree, $414.03, the same day, January 21st, 1928. On May 14th following he gave notice of appeal from this judgment and filed his bond.

The complaint alleges that the superior court of Los Angeles county, California, which rendered the judgment sued on, was a court of general jurisdiction, duly created and organized under the laws of that state; that suit was filed in November, 1925, by plaintiff; that the defendant was served personally with summons; that the matter was heard in open court, and that judgment was rendered. Attached to the complaint as an exhibit and by reference made a part thereof is a copy of the judgment docket authenticated by the clerk of the superior court of Los Angeles county, California, and it discloses the names of the judgment debtor and the judgment creditor, the amount of the judgment, including interest and attorney's fee, and the date on which it was docketed.

The only assignment is that the court erred in rendering judgment against appellant upon a complaint that does not state facts sufficient to constitute a cause of action. It is deficient, it is urged, in two important particulars, the first being that it neither alleges that the judgment upon which this action is based was "duly" rendered or entered, nor sets up the proceedings in that action from which jurisdiction might be inferred, and, the second, that it fails to allege that a copy of the complaint in the California case was ever served upon the appellant as required by the law of that state but merely the summons.

The contention that the complaint is insufficient because it does not allege that the judgment was "duly" rendered is based upon paragraph 430, Revised Statutes of 1913, reading as follows:

"In pleading a judgment or other determination of a court or officer of special jurisdiction it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. If such allegation be controverted, the party pleading shall be bound to

establish on the trial the facts conferring jurisdiction.''

This statute prescribes the method by which a judgment of a court or officer of special jurisdiction is plead and does not refer to the manner in which judgments of courts of general jurisdiction are made to appear. Under it a judgment of a court of special jurisdiction may be plead either by alleging that it was ''duly'' given or made, or by setting up the facts conferring jurisdiction. But in pleading the judgment of a court of general jurisdiction neither course is required, the allegation that the judgment was rendered by such a court being sufficient because, this fact appearing, jurisdiction of both the person and the subject matter is presumed. ''Jurisdictional facts respecting either the person or subject matter,'' says Freeman on Judgments (5th ed.), volume 3, paragraph 1459, ''need not be alleged if the judgment be that of a court of general jurisdiction, since jurisdiction is presumed in such cases.'' See, also, pars. 1106, 1107 of vol. 2, same edition; Bancroft's Code Pleading, vol. 3, par. 1648; *Bruckman* v. *Taussig*, 7 Colo. 561, 5 Pac. 152; *State ex rel. Nipp* v. *District Court*, 46 Mont. 425, Ann. Cas. 1916B 256, 128 Pac. 590.

This principle disposes of the second ground urged by appellant to show a lack of jurisdiction in the California court. The statute there, it is true, does require that a copy of the complaint be served and jurisdiction does not attach until this has been done, unless the defendant make an appearance notwithstanding, but there is nothing here disclosing that this was not done, and in the absence of a showing to this effect the presumption that the proceedings leading to the judgment were regular in all respects prevails, since the superior court of Los Angeles county is one of general jurisdiction and its record of

the judgment docket in the case is duly authenticated by its clerk. The allegation that a summons was served upon the defendant is not an averment that a copy of the complaint was not served, though, if it were, the presumption of the regularity of the proceedings of that court could not be overcome by a mere implication. Such a result follows only when the jurisdictional defect expressly appears. In 34 C. J. 1140, is found the following statement:

"Presumption in Favor of Jurisdiction. In an action on a judgment recovered in another state, the record of which is duly authenticated and produced in evidence, it will be presumed that the court had jurisdiction of the subject matter of the parties, in the absence of proof to the contrary."

It is urged further that the complaint does not show sufficiently that the judgment has been properly certified in that it does not disclose that it was made by the officer having control of the records of the superior court of Los Angeles county, California. The certificate is in the following language:

"Judgment Book:                    Book 598, page 250.
        "Clerk's Office, Superior Court.
"State of California,
"County of Los Angeles,—ss.
"W. O. Wesendorf,

                                         Plaintiff,
                        vs.
W. H. Clark,

                                         Defendant.
"This is to certify that the foregoing is a true, full and correct transcript of the entries in the above entitled action as the same appear in the judgment docket in the office of the County Clerk.

"Attest my hand and the seal of said Court this 28th day of November, 1927.

                "L. E. LAMPTON, County Clerk.
  "[Seal]         By J. McFARLAND, Deputy."

It is argued that because paragraph 1733, Revised Statutes of 1913, provides that "the records and judicial proceedings of a court of any other state, or of the United States, or of any foreign country shall be admissible in evidence in all cases when authenticated by the attestation of the clerk or other officer having charge of the records of such court, under its seal," the statement that the officer making the certificate "has charge of the records of such court" must appear in the certificate before it is sufficient. It is true that no one except the officer having custody of a record can certify to the correctness of a copy of it, but a mere reading of the foregoing certificate discloses that it was made by the proper officer and that the statement that he had charge of the records of the court would have added nothing to it. The certificate as a whole clearly discloses this.

It is contended further that the certificate does not comply with the act of Congress providing for the exemplification of the records of one state for use in another in that the attestation of the clerk of the court has not itself been authenticated by the certificate of the judge of the superior court of Los Angeles county. Paragraph 1733 does not require this and there is no question of the right of the legislature of this state to provide the method by which the records of another state may be authenticated for use here so long as it does not make a more stringent requirement than the act of Congress. It can make them less stringent than that but not more so. Paragraph 4697, Revised Laws of Minnesota 1905, of which 1733 is a copy, was in substance the law of that state when *In re Ellis' Estate,* 55 Minn. 401, 43 Am. St. Rep. 514, 23 L. R. A. 287, 56 N. W. 1056, was decided, and in the opinion in that case the Supreme Court used the following language relative to the power of the legislature to enact such a provision;

"It is objected that the judgment was not sufficiently proved, because—First, the authentication was not in conformity with the act of congress; second, the copy authenticated is a copy of the judgment roll, and it does not appear the judgment was ever entered in the judgment book. When the proceedings of a court of another state are authenticated as provided by act of congress, they must be received as evidence; but it is competent for the legislature of each state to provide that proof of such proceedings may be received in the courts of such state by authentication less than is prescribed by act of congress, and the authentication in this case was in accordance with the statute of the state."

Freeman on Judgments (5th ed.), volume 2, section 1034, makes the following statement of the rule and supports it by numerous citations.

"A state may pass a law dispensing with any part of the authentication prescribed by this act, but no state can impose requirements in addition to those prescribed by it."

See, also, 22 C. J. 853, § 1020; 34 C. J. 1138, § 1613; *Karr* v. *Jackson,* 28 Mo. 316.

The judgment is affirmed.

LOCKWOOD, C. J., and ROSS, J., concur.