[Civil No. 2863. Filed December 30, 1929.]

[283 Pac. 284.]

H. KEMPNER, a Trust Company, Appellant, v. WELKER and CLIFFORD, Appellees.

Messrs. Hooker & Flannigan, for Appellant.

Mr. Jesse A. Udall and Mr. J. Verne Pace, for Appellees.

ROSS, J.—Action to recover on two past-due promissory notes for $2,150 each, signed by defendants Welker and Clifford and payable to H. Kempner.

The first paragraph of plaintiff's complaint is in the following words:

"Plaintiff is a trust Company, duly organized and existing under and by virtue of the laws of the State of Massachusetts, and its Trustees are I. H. Kempner, D. W. Kempner, R. Lee Kempner, S. E. Kempner and J. Seinsheimer, and doing business under the firm name and style of H. Kempner, with its principal office and place of business at Galveston, State of Texas."

And the first paragraph of defendants' answer reads:

"Defendant(s) deny generally and specifically, each and singular, every allegation contained in plaintiff's said complaint, and specifically deny the allegations, matters and things alleged in Par. (1) one, thereof, and demand strict proof thereof."

The case was tried before the court with a jury. After plaintiff had introduced in evidence the notes, some letters and telegrams between the parties in which the defendants admitted the indebtedness represented by the notes, and some oral testimony, and rested, defendants moved for an instructed verdict on the ground that the plaintiff had failed to prove the allegations of paragraph 1 of the complaint. When this motion was made plaintiff asked that the case be reopened and it be permitted to offer proof of said allegations. The court granted the request, whereupon it offered in evidence, in support of such allegations, what purported to be a copy of a declaration of trust under the Massachusetts laws. Attached to such document was a certificate of a Texas notary public reciting that such notary had been shown the original document by its custodian, the United States National Bank, of Dallas, Texas; that he had com-

pared the two, and that the one to which his signature was attached (the one offered) was a true and correct copy of the original. This was objected to by defendants as not being properly authenticated, and the objection was sustained, whereupon the motion for an instructed verdict was renewed, and, plaintiff not requesting a continuance or a nonsuit, the motion was granted. A verdict was rendered in accordance with the court's directions, upon which judgment was entered.

The plaintiff appeals and assigns the court's ruling as error, insisting, in the first place, that it was not necessary that it prove its existence as alleged; and, in the second place, that if it were necessary such proof was offered and rejected by the court, and, in the third place, that the denial was insufficient to put it to its proof of such allegation.

In a Massachusetts or common-law trust the trustees are the owners of the property of the trust with power to handle and dispose of and re-invest it without consulting the *cestuis que trustent*. The trustees, like a partnership, carry on the business in the fictitious or collective name, but unlike a partnership they are not personally liable for the debts. The trust is not dissolved by the death of a trustee or *cestui que trust,* and only the trust funds are liable for any debt contracted by the trustees. *Reilly* v. *Clyne,* 27 Ariz. 432, 40 A. L. R. 1005, 234 Pac. 35.

The notes here sued on were made out to H. Kempner, presumably an individual or person. It was therefore necessary to show by pleading and proof that the owners of notes were other than H. Kempner and to show that H. Kempner was not an individual, but the collective name under which the trustees were carrying on a trust business. "H. Kempner, a Trust Company" could not maintain the suit on the notes, because the title thereto was not in H. Kempner, a Trust Company, but in the trus-

tees of H. Kempner. The trust, if a Massachusetts entity as alleged, should have caused the trust indenture to be authenticated by its custodians, as provided in paragraph 1733, Civil Code of 1913. *Clark* v. *Wesendorf, ante,* p. 172, 275 Pac. 925.

The contention that the denial of allegations of paragraph 1 of the complaint is insufficient is without merit. Plaintiff is not seeking equitable relief, and the rule of paragraph 477, Civil Code of 1913, has no application.

It seems under the circumstances the court could do no less than grant the motion. Without deciding it we submit, however, that the situation presents a somewhat interesting question. It will be noted that the case is entitled "H. Kempner, a Trust Company." All through the complaint the plaintiff is described as H. Kempner, a Trust Company. It is alleged that the notes were given to H. Kempner, a Trust Company, and that H. Kempner, a Trust Company, is the owner and holder of them. The judgment is entitled as is the complaint. It "decreed that plaintiff (H. Kempner, a Trust Company) take nothing by its said action" etc. In other words, the judgment conformed to the pleadings and the verdict. No verdict or judgment was returned or made and entered against the owners of the notes. Throughout counsel for both sides, as well as the court, treated the action as between H. Kempner, a Trust Company, and Welker and Clifford, as is shown by the pleadings, the verdict, and the judgment.

The judgment is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.