522 P.2d 770

STATE of Arizona, Appellee,

v.

Cesar Fernando YURIAR, Appellant.

No. 1 CA–CR 621.

Court of Appeals of Arizona,
Division 1,
Department A.

June 6, 1974.

Gary K. Nelson, Atty. Gen. by Stanley L. Patchell, Asst. Atty. Gen., for appellee.

Jim D. Smith, Yuma, for appellant.

## OPINION

STEVENS, Judge.

Cesar Fernando Yuriar (defendant) was charged with six counts of forgery. After a preliminary hearing, during which he was represented by an appointed attorney, he was bound over to the Superior Court. The information charged the same six offenses. All counts were similarly worded except as to the date of the offense and the business establishment in question. We quote only count six, which is as follows:

"COUNT VI:

"That the said Cesar Fernando Yuriar on or about the 12th day of May, 1972, and before the filing of this information, at, and in the County of Yuma, State of Arizona, did then and there utter or publish or pass or attempt to pass as true and genuine, to Safeway Store #1410, a certain forged instrument purporting to be a check, in violation of A.R.S. code 13–421, as amended."

The same appointed attorney represented the defendant at the jury trial. The defendant testified and denied the forgeries. He denied being in Yuma on the dates involved. He explained the loss of his billfold which contained his driver's license which carried his picture and his signature, as well as other personal papers which carried his signature.

All six checks were drawn on the R & M Company payroll account in the Parker, Arizona branch of the First National Bank of Arizona. The checks bore May and July

10

1972 dates. The bank account was closed out on 7 December 1970.

Samples of the defendant's handwriting were in evidence. A handwriting expert testified that the defendant's endorsement on the six checks involved were the defendant's signature. There was evidence identifying the defendant as the person who passed some of the checks.

The defendant was convicted on all six counts. Thereafter he protested his innocence to the probation officer and a lie detector test was given to the defendant which test he passed. In view of his protestations the trial judge sent the exhibits to the FBI in Washington and a report was returned confirming the testimony of the witness who testified at the trial. The defendant was sentenced to concurrent terms at the Arizona State Prison.

The defendant then appealed and at his request his present counsel was appointed to represent him in the appeal.

It is urged that the trial court committed error in admitting into evidence Exhibit 6, which is the check offered in support of count six, the count quoted earlier in this opinion. It is also urged that the trial court committed error in admitting into evidence Exhibit 13, which contains two "certified copies" of driver's license records of the defendant from the State of California. The record of the objections was properly preserved as to each of these exhibits.

## COUNT SIX

In connection with count six there was no witness from Safeway who could identify the defendant or who had ever seen the check in the Safeway possession. It was attempted to lay the foundation for Exhibit 6 by the use of Exhibit 7, a Safeway business record called a "check cashing card." Without objection Exhibit 7 was received in evidence as a business record. Rule 44(q), Rules of Civil Procedure, 16 A.R.S., and State v. Tillery, 107 Ariz. 34, 481 P.2d 271 (1971). The witness' testimony was questionable in tieing in Exhibit 7 and the check which is Exhibit 6. There was not sufficient evidence to show that the defendant was the person who presented the check to Safeway. In our opinion it was error to receive Exhibit 6 into evidence and without Exhibit 6, count six must fall.

## THE CALIFORNIA RECORD

Exhibit 13 consists of a copy of a temporary driver's license and a copy of a regular driver's license bearing a photograph and a signature both attributed to a name the same as that of the defendant.

With reference to the California Department of Motor Vehicles, our attention is called to § 1813 appearing in Vol. 66 of West's Annotated California Codes—Vehicle Code which reads as follows:

"§ 1813 *Department of Motor Vehicles*

"§ 1813. Free records

"The director and such officers of the department as he may designate may, upon request, prepare under the seal of the department and deliver without charge a certified copy of. any record of the department received or maintained under this code."

The guidelines for authentication of non-Arizona records is found in Civil Rule 44(g) which reads in part as follows:

"44(g)  Authentication

"(1) Domestic. An official record kept within the United States, or any state, * * * or any entry therein, when admissible for any purpose, may be evidenced * * * by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that such officer has the custody. The certificate * * * may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office."

§ 154 Udall's Arizona Law of Evidence states:

" * * * A state may make its own rules for admitting records from other states,

so long as such requirements are not more stringent than the act of Congress."

As authority Udall cites Clark v. Wesendorf, 35 Ariz. 172, 275 P. 925 (1929). Clark recognizes that Arizona may establish its own rules on authentication of the records of a sister state so long as the Arizona rules are not more stringent than those set forth in 28 U.S.C.A. § 1739.

We now examine the certificate attached to each of the documents which comprise Exhibit 13. The rubber-stamp portion thereof is as follows:

"State of California

"DEPARTMENT OF MOTOR VEHICLES

"Division of Drivers Licenses

"I hereby certify that the document to which this is affixed is a true photographic copy of the original in Department of Motor Vehicle File No. ———— Date ————
Signed ————————————————
　　　　　　　Officer, Dept. of MV
In accordance with Section 1813, CVC, the above officer of the Division of Drivers Licenses has been authorized to prepare under seal and certify copies of records of this Division.

　　　　　E. Keith Ball
Chief, Division of Drivers Licenses"

SEAL

The "signature" of E. Keith Ball is a rubber-stamp signature which appears to be part and parcel of the overall rubber stamp. The "seal" is also a rubber stamp which contains the words "State of California" and "Department-Motor Vehicles."

■ The blank spaces were filled in in longhand. Thus, it appears that Ball certified in blank the official authority of whomsoever filled in the blank spaces. In our opinion, this does not meet the requirements of the Federal statutes or of our Rule 44 (g). We need not pass upon the sufficiency of the rubber-stamp seal or on the question as to whether the content of the certificate establishes which official has "the legal custody of the record." It was error to mark Exhibit 13 into evidence.

On appeal, the defendant seeks a reversal as to all counts. We do not agree that the error in the receipt of Exhibit 13 so requires. An examination of the full record convinces us that this error was not of the magnitude that mandates a reversal as to all counts.

This cause is reversed as to Count 6 and it is affirmed as to the remaining counts.

DONOFRIO, P. J., and OGG, J., concur.