Emily Hockaday, Executrix of Irvine O. Hockaday, Deceased, Respondent, *v.* Hans Lawther et al., Appellants.

### May 11, 1885.

1. Vendor's Lien—Effect of as Established by a Decree of Court—Application of Statute of Limitations.—A vendor's lien established and fixed as a charge upon property by a decree of a court of competent jurisdiction is binding upon all the parties to it. But to such decree no lien attaches such as belongs to judgments generally by virtue of the statute, but only such as the decree establishes and orders to be enforced. Sections 2730 to 2738 inclusive have no application to such a decree. Execution may issue on it within 10 years under section 2739, Revised Statutes, Mo., but not after the expiration of 10 years.—*George* v. *Middaugh,* 62 Mo. 551.

2. Same.—Case Adjudged.—This action is at law, founded upon a decree establishing a charge in 1865, *and at no lime could this action* have been maintained on that decree ; not being maintainable upon the decree of a court of equity for the performance of acts other than the payment of money.—*Warren* v. *McCarthy,* 25 Ill. 95 ; *Pennington* v. *Gibson,* 16 How (U. S.) 65 ; Freeman on Judgments, sect. 34. In this case the vendor's lien became a charge on the lots by the decree of 1865. There was a foreclosure of a mortgage by the vendee at suit of mortgagee in 1867 and purchase of mortgaged property thereunder, and possession adversely and openly held by him for more than ten years, and no steps taken to enforce decree for vendor's lien from 1865 to 1880.

Appeal from the Callaway Circuit Court, Hon. G. H. Burckhartt, Judge.

*Reversed with directions.*

Statement of case by the court.

In 1835, I. O. Hockaday, plaintiff's testator, sold lots 183, 184, 185, in I. O. Hockaday's addition to the town of Fulton to Thomas Ansel. At the time of the sale Ansel paid part of the purchase money, giving his note for the balance thereof, and received a title bond for the lots. On the 15th day of December, 1857, I. O. Hockaday executed and delivered to Ansel a deed in fee simple, conveying to him said lots, without reservation, the deed reciting that the purchase money had been paid in

full. And on the same day Ansel made a new note for the balance of the purchase money then due, the note reciting that it was given for the amount of the first note remaining due and unpaid, which original note had been given for the unpaid purchase money of said lots. Ansel was in possession of said lots from 1835 to 1857, and from 1857 to 1866 in which last year he died.

In 1863, Ansel conveyed said lots, by mortgage, to Hans Lawther to secure the payment of certain notes due from Ansel to Lawther. In January, 1864, I. O. Hockaday died, leaving a will by which he appointed Emily Hockaday executrix. In March, 1864, she instituted suit, as such executrix, against Ansel and Hans Lawther for the purpose of enforcing against the said lots her testator's vendor's lien for the unpaid purchase money of said lots, covered by the note made in 1857. The petition averred among things that in 1863 Ansel conveyed the lots to Lawther for the purpose of securing the payment of certain debts due from Ansel to Lawther, that all of said debts were created and due prior to such conveyance to Lawther, and that at the time of the conveyance Lawther had full knowledge and notice of the existence of said lien for the said purchase money and that the same remained unpaid. "Lawther was duly served with process, and as shown by the record herein, the defendants in said case took leave to answer. But the defend-ants failing to answer judgment by default was rendered against them. The decree in said case is as follows : Now, at this day, comes the plaintiff aforesaid, by her attorney, and defendants having failed to answer according to law, plaintiff moves for judgment by default against them. It is, therefore, ordered by the court that an interlocutory judgment be entered against them. And defendants having failed to appear and show cause for setting aside the same, the court finds that the plaintiff is entitled to recover of the defendant, Thomas Ansel, the sum of $197.90. It is, therefore, ordered and adjudged by the court that the plaintiff have and recover of the said defendant, Thomas Ansel, the said sum

of $196.94, with interest at the rate of ten per centum per annum from this date till paid, and all costs in this suit expended. And it further appearing to the court that this judgment is a subsisting lien upon the following real estate, to-wit: A lot or parcel of ground in Irvine O. Hockaday's addition to the town of Fulton, county of Callaway, state of Missouri, being lots 183, 184 and 185 in said addition, it is, therefore, ordered, adjudged and decreed by the court that all the right, title and interest in and to said lots 183, 184 and 185 of the parties aforesaid, plaintiff and defendants, be sold, and it is further ordered and adjudged by the court that a writ of special *fieri facias* issue against said lands, and that the same be ordered to be sold, or so much thereof as is necessary for the satisfaction of this judgment and costs." No execution was issued in pursuance of said judgment. In 1866, the said Ansel died intestate, and one Zadok Hook was immediately thereafter appointed and duly qualified by the court of said county administrator of his estate. On the 27th of August, 1867, the executrix presented said judgment to said county court for allowance and classification against the estate of Thomas Ansel, which was then and there accordingly done, none of which has been paid.

In 1867, appellant Lawther, by proper proceedings in said circuit court, had the mortgage executed to him on said lots foreclosed, and the lots sold by sheriff. At which sale he became the purchaser of lots, and received from the sheriff a deed for the same. He forthwith took possession of said lots and has been in the continuous, open, notorious adverse possession of the same down to the present time, claiming to be the absolute owner. During the administration of said Ansel's estate the said Zadok Hook died, and F. Brandon was duly appointed his successor. This action was instituted in 1880, and is based upon the judgment hereinbefore set out. The amended petition on which the case was tried is as follows: "Plaintiff for amended petition states that, as executrix and devisee under the last will and testament of Irvine O. Hockaday, deceased, on the 10th day of April

1865, she recovered a judgment in the circuit court of Callaway county against Thomas Ansel for the sum of one hundred and ninety-six and 94-100 dollars for debt and twelve and 75-100 dollars for costs with ten per cent. interest per annum on said judgment from its rendition. That said sum of one hundred and ninety-six and 94-100 dollars was the unpaid purchase money on lots and * * * due plaintiff by virtue of the sale of said lots by Irvine O. Hockaday to the said Thomas Ansel and by reason thereof was declared by said judgment to be a subsisting lien on said lots, and the enforcement of said lien decreed by ordering the issue of a special *fieri facias* against the lots aforesaid. Plaintiff further states that since the rendition of said judgment, to-wit, on or about the month of September, 1886, the said Thomas Ansel departed this life intestate, and that Zadok Hook departed this life in the year * * * and now the administrator *de bonis non* of said estate * * * is F. Brandon.

"Plaintiff further states that no part of said judgment or costs has ever been paid, but that the same with accrued interest remains unpaid. That the defendant Hans Lawther was a party defendant in the judgment rendered as aforesaid in the circuit court of Callaway county by reason of his interest in said lots subject to the vendor's lien of plaintiff and by its terms his interest as well as the interest of the said Ansel was decreed to be sold for the satisfaction of said judgment. Wherefore plaintiff asks that said judgment be revived against defendant Brandon as administrator *de bonis non* of the estate of Thomas Ansel; that judgment be rendered in her favor for the amount of the original judgment, interest and costs against the estate of Thomas Ansel; and that her lien upon said lots be declared by proper decree to still exist; and that the interest of the parties hereto, plaintiff and defendants, in and to said lots or so much thereof as may be necessary, be ordered to be sold for the payment and satisfaction of said judgment and all costs; and that a special *fieri facias* be ordered to issue against said lots directed to the sheriff of Callaway county

for that purpose; and she further prays for all other relief." To this petition Hans Lawther filed his separate answer which was first a general denial, and which then averred that he was the absolute owner of the lots in question, and that he purchased the same from Ansel, after I. O. Hockaday, plaintiff's testator, had made an absolute conveyance thereof to Ansel, with no knowledge of plaintiff's said claim of a lien, and that he was an innocent purchaser of said lots in good faith.

Defendant Brandon's answer was a general denial.

The record in this case shows that neither party demanded a jury, and that the cause was tried by the court. Defendant Lawther asked many instructions, or declarations of law, all but one of which were refused. Judgment was rendered by the circuit court in favor of plaintiff in accordance with the prayer of the petition.

Defendant Lawther alone appealed from said judgment.

ISAAC W. BOULWARE, for appellant Lawther.

I. The finding, judgment and decree were against, unwarranted, and unauthorized by the evidence. The only evidence offered by plaintiff was the papers, proceedings and judgment in the suit to enforce vendor's lien in 1865; this judgment was allowed and classified in the probate court in 1867 against estate of Ansel and said estate was in course of administration. The evidence introduced by defendant showed that plaintiff's testator in 1835 sold the lots to Ansel, giving bond for title, and in 1857 made him an absolute deed which acknowledged full payment of purchase money and was duly recorded; that Ansel took possession, made lasting and valuable improvements thereon, claiming as owner from 1835 down to his death in 1866; that 28 years after this purchase, in 1863, Ansel, by deed of mortgage for value, conveyed said lots to Lawther; that Lawther in 1867 foreclosed said mortgage and had Ansel's equity of redemption foreclosed and sold and he, Lawther, became the purchaser and took and has since held possession of lots.

II. In chancery cases where the decision of the court

below is not supported by the evidence this court will not hesitate to interfere.—*Cornet* v. *Bertelsman*, 61 Mo. 118; *McLouraine* v. *Moore's Adm'r*, 30 Mo. 462. The decree of 1865 did not show that Lawther had notice of vendor's lien in 1863, nor that L. had any interest in the lots; nor establish any issue as against Lawther on behalf of plaintiff to support the judgment of the court below in this case; the evidence of these facts of notice and purpose to defraud vendor of his lien must have been clear and conclusive.—2 Sugden's Vendors, 7th ed., top page 538; 1 Story, Eq. Juris., 6th ed., sect. 398; *Wyatt* v. *Burrell*, 19 Vesey 435; *Smith's Appeal*, 47 Pa. St. 128.

III. When it is attempted to set up an equitable title against a legal title, accompanied with long continued possession, the equity must be clearly and conclusively proven.—*Richardson* v. *Robinson*, 9 Mo. p. 801. Hockaday by his deed in fee simple parted with all legal and equitable title to the lots, except perhaps a *floating mystic equity* misnamed in judicial parlance "the vendor's lien."

IV. Lawther, by his mortgage deed in 1863, six years after the deed from H. to A., 28 years after the purchase, and while A. had possession and control of the land, took the legal title to it. *This was prior to suit* by plaintiff to establish her lien. The lien of H. had lapsed when suit was begun in 1865, 29 years after sale and 8 years after the warranty deed in 1857.

V. Lawther was a purchaser for value without notice and there was certainly no actual notice.—1 Story, Eq. Juris., 6 ed., sect. 398; *Cornet* v. *Bertelsman*, 61 Mo. 118. The decree of 1865 was not evidence that L. was a purchaser with notice and if received in evidence is not clear or conclusive of such notice.—*Cornet* v. *Bertelsman*, 61 Mo. 118; *Hopkins* v. *McGee*, 33 Mo. 412; Rev. Stat., 1855, sects. 9, 10 and 11. Lawther is not estopped by said decree from making defence here.—*Rice* v. *Rice*, 2 Drew 73; *Foster* v. *Blackstone*, Butler's Coke on Litt.

290; *Ahramde* v. *Odiome*, 118 Mass. 261; *Bagley* v. *Greenleaf*, 7 Wend. 46.

VI. The judgment was allowed against Ansel's estate. There is no evidence that the personal assets were not sufficient to pay the same.—*Cappin* v. *Cappin*, 2 P. Wms. 291; *Egler* v. *Cobb*, 2 Maryland 137.

VII. Whatever claim may have existed is lost by laches and negligence. In such cases courts of equity will refuse relief.—*Littlejohn* v. *Gordon*, 32 Miss. 235; *Bradshaw* v. *Yates*, 67 Mo. 221; *Landrum* v. *Bk.* 63 Mo. 48.

VIII. The vendor's lien is not a lien until a bill is filed to assert it; it arises by mere operation of law. It is subordinate to all special liens and legal titles acquired before bill filed to enforce it.—*Trotter* v. *Erwin*, 27 Miss. 772; *Green* v. *Demos*, 10 Humph. (Tenn.) 371.

IX. A vendor after an absolute conveyance of the legal title has no implied lien for the purchase money.— *Gilman* v. *Brown*, 1 Mason 192; *Philbrook* v. *Delano*, 29 Maine 410; *McCandlish* v. *Green*, 13 Gratt. 605; *Bond* v. *Kent*, 2 Vermont 281; *Naine* v. *Pierce*, 6 Vesey 752.

CREWS & THURMOND, for the respondent.

I. The deed from H. to A. did not waive the lien for the purchase money.—*McKnight* v. *Bright*, 2 Mo. 110; *Marsh* v. *Turner*, 4 Mo. 253; *Sloan* v. *Campbell*, 71 Mo. 388. Nor did the taking of a new note have that effect. —*Johnson* v. *Scott*, 34 Mo. 129; *Lippold* v. *Held*, 58 Mo. 213.

II. The judgment of 1865 is conclusive against Lawther as to his notice of lien for purchase money.—*Ins. Co.* v. *Cravens*, 69 Mo. 72; 1 Greenl. Ev. sect. 529; Rev. Stat., 1879, sect. 3554. It is not necessary that the judgment should find all the facts.—*Erwin* v. *Brady*, 48 Mo. 560; *Judge* v. *Booge*, 47 Mo. 544.

III. The vendor's lien was not merged in the judgment of 1865 so as to defeat such lien. The Supreme Court of this state has so declared in the case of the foreclosure of a mortgage and the same rule must apply

to a vendor's lien. Nothing short of payment, release, or waiver, can affect it.—*Riley* v. *McCord, Adm'r,* 21 Mo. 285. The taking of a mortgage to secure the purchase money does not merge the vendor's lien and no different rule should apply to a judgment.—*Linville* v. *Savage,* 58 Mo. 254; *Gill* v. *Clark,* 54 Mo. 415. In a judgment at law for the debt the vendor's lien does not merge.— *Lamley* v. *Robinson,* 26 Mo. 364.

IV. Respondent has not been guilty of laches. The classification in probate court does not affect the lien.— *Delassey* v. *Porter,* 19 Mo. 425. Forbearance can in no respect be construed as laches. The right to enforce the lien exists until the debt is barred.—*Littlejohn* v. *Gordon,* 32 Miss. 235.

Opinion by HALL, J.

Without referring in detail to the many questions raised and discussed by the parties in this case, we shall confine ourselves to a brief statement of our views of the law applicable to the facts herein.

From the making of the title bond in 1835 to the execution of the absolute deed in 1857, I. O. Hockaday had a lien upon the lots in suit for the balance of the purchase money. This lien was a lien fixed and declared by the contract of sale to Ansel. It rested upon an express trust created by such contract.—Jones on Mortgages, vol. 1, sects. 225 *et seq.* and cases cited. From the execution of the absolute deed in 1857 to Ansel, I. O. Hockaday had an equitable lien upon said lots for the balance of the purchase money then due, evidenced by the note then executed, not fixed or declared by the contract of the parties; but, regardless of any agreement between the parties, implied by law; not resting upon an express trust, but in the nature of an implied trust.—Jones on Mortgages, vol. 1, sects. 189 *et seq.* and cases cited ; *Pratt* v. *Clark et al.,* 57 Mo. 191 ; *Orrick* v. *Durham,* 79 Mo. 177. This lien, properly speaking, was not merged in the judgment of 1865, but by it was for the first time established and fixed a charge upon the said lots.

That judgment was binding upon all the parties to it, including this plaintiff and Lawther, waiving the question as to whether the judgment was valid so far as the money part of it *in personam* as to Ansel is concerned, since his representative is not in this court. It is clear, as to Lawther it is a judgment *in rem*, declaring and fixing a lien as a charge upon the said lots, and as to him is not a money judgment, or a judgment *in personam*.

To that decree no lien attached such as belongs to judgments generally by virtue of the statute, but only such lien as the decree itself fixed, established, and ordered to be enforced. In no sense, and in no degree therefore can sections 2730, 2731, 2732, 2733, 2734, 2735, 2736, 2737 and 2738 of the Revised Statutes have any application to, or touch, or affect that decree. At any time within ten years subsequent to its rendition, an execution could have been issued upon the decree.—Sect. 2739 of the Revised Statutes. After the expiration of ten years from its rendition no execution could have been so issued.—Sect. 2739, *supra; George* v. *Middaugh*, 62 Mo. 551.

This action is clearly an action at law founded upon judgment or decree of 1865, and at no time could this action have been maintained on that decree. Such an action as this can not be maintained "upon the decree of a court of equity for the performance of acts other than the payment of money."— *Warren* v. *McCarthy*, 25 Ill. 95; *Evans* v. *Tatem*, 9 S. & R. 252; *Post* v. *Neatie*, 3 Gaines 28; *Pennington* v. *Gibson*, 16 How. (U. S.) 65; Freeman on Judgments, sect. 434.

In view of the facts of this cause, that the vendor's lien in question became a charge, fixed upon those lots only by the judgment of 1865; that Lawther in 1867 foreclosed his mortgage and bought in thereunder as he had perfect right to do, and thereupon entered into the possession of said lots, claiming title thereto as such purchaser, and has ever since continued to hold the same adversely and openly; that the plaintiff in said judgment did not within ten years after the rendition thereof have

issued any execution thereunder, and that he did not take any steps from 1865 to 1880, the date of the institution of this suit, to enforce said judgment; and that the said judgment as to this defendant is not *in personam*; we hold that upon every principle of law and justice this action cannot be maintained.

With the concurrence of the other judges it is therefore ordered that the judgment of the circuit court be reversed, and the petition be dismissed.