PARILLEE DUNCAN, Plaintiff in Error, v. MISSOURI PACIFIC RAILWAY COMPANY, AND MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Defendants in Error.

Kansas City Court of Appeals, June 14, 1886.

1. CONDEMNATION PROCEEDINGS—LIMITATIONS AS TO DAMAGES AS-SESSED—CASE ADJUDGED.—Where property has been taken by con-demnation proceedings and the damages assessed have not been paid, though the proceeding is compulsory, the owner's situation has been likened to a vendor who retains his lien for unpaid purchase money. In such view, the statute of limitations is a complete bar to this action, as the *lien for the money* awarded as damages, after decree vesting the fee in the railroad company prosecuting the proceed-ings, would be barred in ten years, and in this case the period is more than twelve years, and the statute, from this standpoint, is applicable.

2. ——— PROCEEDING TO ENFORCE JUDGMENT.—Even if the lien, in this case, is considered as not merged in the judgment, but as retaining its specific character ; and, therefore, not limited to three years as an ordinary unrevived judgment ; yet, it would still be barred in ten years.

ERROR to Henry Circuit Court, HON. JAMES B. GANTT, Judge.

*Affirmed.*

Statement of case by the court.
This is an action by plaintiff, as devisee under the

will of Samuel Duncan, deceased, against defendants, to enforce the payment of the damages arising from condemnation proceedings for right of way for the Tebo & Neosho Railroad Company, and was begun November 23, 1882.

The petition, in substance, alleges, that at the April term, 1870, of the Henry county circuit court, by virtue of proceedings instituted by the Tebo & Neosho Railroad Company, the court rendered judgment against Samuel Duncan, plaintiff's testator, condemning a strip of land one hundred feet wide over the lands of said Duncan (setting out the number of same), for right of way for a railroad, which said company was then building; that, in said judgment or decree, it was adjudged that Duncan have judgment against the company for the sum of one hundred and fifty dollars for his damages, and that the title to said strip of land vest in the railroad company; that, under this judgment, the Tebo & Neosho Railroad Company took possession of said strip of land and built its railroad on the same; that, in October, 1870, the Tebo & Neosho company was consolidated with and merged into the Missouri, Kansas & Texas Railway Company, and from that time the Tebo & Neosho ceased to exist as an independent company; that the Missouri, Kansas & Texas immediately took possession of the franchise, roadbed, and all other property of the Tebo & Neosho road, and used and occupied the same until the twenty-fifth day of August, 1881, at which time the Missouri Pacific Railway Company leased said railroad from the Missouri, Kansas & Texas company for the period of ninety-nine years; that the Missouri Pacific company took possession of said road, and has ever since held, used, and occupied the same; that said judgment or decree is yet *unsatisfied* and unreversed, and that both the Missouri, Kansas & Texas and the Missouri Pacific Railway companies had notice of that fact when they took charge and possession of

said railroad; that Samuel Duncan is dead, and that plaintiff is entitled to his property, real and personal.

Plaintiff then prays for a decree, directing defendants, or either of them, to pay plaintiff the amount of said judgment and interest, and, in default of said payment, the defendant, the Missouri Pacific Railroad Company, be enjoined from operating said railroad where it crosses the lands of plaintiff, or that the court appoint a receiver to take charge of the freight charges and fare, and pay plaintiff out of the same, and for all other relief.

The Missouri Pacific company was served, and the Missouri, Kansas & Texas company brought in by publication, being a non-resident, filed motion to quash the service of publication. On refusal of the court to quash the same, it refused to answer, whereupon judgment, interlocutory, was rendered against it.

The Missouri Pacific company filed her answer, setting up defect of parties, in that the Tebo & Neosho company was not made a party defendant; that the Tebo & Neosho company had paid all damages for right of way; denied everything not specifically admitted; admitted its road ran over the land described in plaintiff's petition, and alleged it had so run for nearly twelve years before the suit was brought; averred that said judgment had long since ceased to be of any force, being over ten years old, and not having been revived by *scire facias*, and that no demand exists by reason of the same; that the cause of action was barred by the statute of limitations; that plaintiff had delayed enforcing his judgment so long he was estopped from enforcing it now; that it would be inequitable to enforce the same; that plaintiff had been guilty of great delay and laches.

Plaintiff replied, denying any new matter. At the trial, defendant objected to the introduction of any evidence, because no cause of action was stated. His objection having been overruled by the court, plaintiff proved that the Tebo & Neosho company was chartered in 1860 by the laws of the state of Missouri; that the Missouri,

Kansas & Texas company was chartered by the state of Kansas in 1869, and that the Missouri Pacific company was chartered by the state of Missouri in 1849. That, at the April term, 1870, the Tebo & Neosho Railroad Company obtained a judgment or decree in the circuit court of Henry county, Missouri, condemning the right of way one hundred feet wide across the land set out in the petition, in which decree Samuel Duncan was awarded the sum of one hundred and fifty dollars damages for said land, and further ordered the title vested in the railroad company; that said judgment or decree was unsatisfied, as appears by the record of the court; that the Tebo & Neosho company built its railroad over the land, and the road is there now; that, in October, 1870, the Tebo & Neosho company sold out to the Missouri, Kansas & Texas company, and consolidated with and merged itself into the Missouri, Kansas & Texas company; and that, after said merger, the Tebo & Neosho company ceased to have a separate existence; that the Missouri, Kansas & Texas company operated said railroad until December, 1880, at which time it leased said road to the Missouri Pacific company for a term of ninety-nine years, with all its property, real and personal, "with full and exclusive right and authority to use, manage, and work said railroad, and to fix the tolls on said road, and to have the full, free, and exclusive right to charge and collect all said tolls and freight charges and dues to accrue from said railroad during said term." That, under this lease, the Missouri Pacific company took charge of said road, and is still operating it; that the Missouri, Kansas & Texas company is a non-resident of the state of Missouri, and that it had no property out of which the amount of said judgment could be made. That, after the condemnation of said strip of land, said Duncan died, leaving plaintiff all his estate, real and personal.

The defendants declined to offer any evidence.

.The court then found for defendants, and plaintiff sued out writ of error.

James Park & Son, and Chas. B. Wilson, for the plaintiff in error.

I.   The Tebo & Neosho company was neither a necessary or a proper party defendant.   Having consolidated with the Missouri, Kansas & Texas company, there is nothing to bring in except the name.   The Missouri, Kansas & Texas company has its franchise, and the Missouri Pacific company its property, and both are in court.   *Bridgman v. Railroad*, Sup. Ct. Vt. 1886 ; *Railroad v. Stanley*, 10 Am. & Eng. Ry. Cases, 345 ; 35 N. J. 283.

II.   Notwithstanding the decree vesting the title to the land taken by the railroad company, the court will enforce the payment of the damages awarded ; and will enjoin the railroad company from running over the land, if necessary ; or will place the road in the hands of a receiver.   *Provolt v. Railroad*, 69 Mo. 633 ; *Evans v. Railroad*, 64 Mo. 453 ; 1 Redf. Ry. (4 Ed.) 239.

III.   The action is not barred by the statute of limitations.   The statute gives the plaintiff twenty years within which to enforce her judgment.   Rev. Stat., sect. 3251.   And it is only presumed to be paid in twenty years, not barred.   There was no *laches*.   In questions of limitation equity follows the law.   *Rogers v. Brown*, 61 Mo. 187 ; *Kelly v. Hurt*, 61 Mo. 463 ; *Spurlock v. Sproule*, 72 Mo. 510.

IV.   A court of equity will enforce the lien for damages, even after the railroad has gone into operation ; and against the company taking the land and all others in the exercise of their functions as lessees, or otherwise. *Evans v. Railroad*, 64 Mo. 458 ; *Provolt v. Railroad*, 69 Mo. 640 ; 2 Story's Eq. Jur., sect. 1231.

V.   Defendants had full notice of plaintiff's claim. The judgment lay unsatisfied and unreversed before them, and, being a lien, they were bound to take notice

of it. *Tydings v. Pitcher*, 82 Mo. 379; *Sitz v. Diehl*, 55 Mo. 197.

WM. S. SHIRK and THOS. G. PORTIS, with THOS. J. PORTIS, for defendants in error.

I.   The decree of the court for the defendants was right.   Plaintiff was not entitled to any judgment or relief, either under the petition or the evidence.

II.   This action is not an equitable action to enforce a special lien against property in the hands of a party who took it impressed with such special lien. It is wholly outside of the cases of *Evans*, and of *Provolt*, cited by plaintiff.

III.   The judgment against the Tebo & Neosho company, being a general judgment, it ceased to be a lien in April, 1873.   Never having been revived by *scire facias*, or otherwise, it was not when the Missouri Pacific Railway Company leased the roadbed in 1880. Defendants were, therefore, not bound by it, or bound to take notice of it.   Rev. Stat., sect. 2731.

IV.   Both the petition, upon its face, and the evidence, shows that plaintiff's claim was bound by the statute of limitations.   *Hunter v. Hunter*, 50 Mo. 445; *Zoll v. Carnahan*, 83 Mo. 35.

V.   Plaintiff has been guilty of *laches*.   The claim is stale.   No attempt was made to enforce plaintiff's legal rights in the premises, until the bringing of this suit.   She slept upon her legal rights until she was barred of her remedy against the party who owed her the debt, and now appeals to equity to compel a *third party* to pay her the debt out of its own funds.   *Landrum v. Bank*, 63 Mo. 48; *Bliss v. Prichard*, 67 Mo. 181; *Golden v. Kummel*, 99 U. S. 211.

VI.   The decree against the Tebo company was dead.

VII.   Viewed as an action to enforce a vendor's lien, or to enforce an equitable right or lien, it is barred, as against the Tebo & Neosho company, or any one claiming under it.   *Zoll v. Carnahan*, 83 Mo. 35.

ELLISON, J.—From the statement of the pleadings and facts in this case, the court's action thereon was, in effect, sustaining a demurrer to the evidence presented by plaintiff. ·

When property has been taken by condemnation proceedings, and the damages assessed have not been paid, though the proceeding is compulsory, the owner's situation has been likened to a vendor, who retains his lien for unpaid purchase money. *Evans v. Railroad*, 64 Mo. 453, 456-7; *Provolt v. Railroad*, 69 Mo. 633, 640-1. In such view, the statute of limitations is a complete bar to this section. The lien for the money awarded on condemnation became, after the decree vesting the fee in the Tebo & Neosho Railroad Company, an implied trust (*Hockaday v. Lawther*, 17 Mo. App. 636), and, as such, though a vendor's lien, would be barred in ten years. *Zoll v. Carnahan*, 83 Mo. 35. The decree vesting title in the Tebo & Neosho Railway Company was in April, 1870, while this action is instituted in November, 1882, being a period of more than twelve years. The statute, from this standpoint, is applicable, and is full warrant for the judgment of the circuit court.

Plaintiff, however, insists that this is a proceeding to enforce a judgment, and that, by the statute of limitations, she has twenty years in which to bring her action. As there is no pretense of any agreement or contract by the defendant to pay the judgment, if defendant is held for it, it must be on the principle that there was a lien following in its wake, during this period of twelve years intervening between its rendition and the institution of this suit, so that, viewing it as an ordinary, unrevived judgment, the lien thereof would not exist against any one, with or without notice, longer than three years after being rendered. If, in order to give plaintiff all possible benefit of her argument, we should consider the vendor's lien not merged in the judgment, but retaining its specific

character, and, therefore, not limited to three years, yet, as we have seen, it would still be barred in ten years.

I have examined into the positions taken by plaintiff, and am unable to see how she can maintain this action on any rule or principle of law.

The judgment is, therefore, affirmed. Hall, J., concurs; Philips, P. J., concurs in the result.